**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-cv-24745-ALTMAN/Hernandez**

**ACCESSNINJA, INC.** *d/b/a*
**ACCESSGRID**,

*Plaintiff*,

*v.*

**PASSNINJA, INC.** and
**RICHARD GRUNDY**,

*Defendants.*
______________________________________/

# ORDER

Before us is Plaintiff AccessGrid's ("Plaintiff") Motion to Strike Supplemental Authority ("Motion").[1] [ECF No. 229]. Plaintiff objects to a "Notice of Supplemental Authorities" ("Supplement"), [ECF No. 228], submitted by Defendants PassNinja, Inc. and Richard Grundy (together, "Defendants"). After careful review, we **DENY** the Motion.

## BACKGROUND

Plaintiff and Defendants are competitors in the Near Field Communication ("NFC") space. [ECF No. 1 ¶ 3]. NFC passes are "essentially digital 'tickets' that can be distributed and scanned at events, attractions, and experiences." *Id.* ¶ 2. This technology can also be used to open physical doors. *Id.* Plaintiff accuses Defendants of stealing copyrighted code developed by Plaintiff's owner in 2023. *Id.* ¶¶ 16, 29, 38. Its Complaint asserts both copyright infringement and trade-secret misappropriation claims against some or all Defendants. *Id.* ¶¶ 40–63.

---

[1] The Honorable Roy K. Altman referred this case for all pretrial non-dispositive and discovery matters. [ECF No. 174].

The parties filed motions for summary judgment, [ECF Nos. 188, 193], for which briefing has concluded. [ECF Nos. 210, 212, 220, 222]. The Court has stayed the case pending resolution of these potentially dispositive summary-judgment motions. [ECF No. 225].

On September 14, 2026—a little over two weeks after the Court's stay order and nearly a month after its summary-judgment reply—Defendants filed the Supplement Plaintiff now seeks to strike. [ECF No. 228]. The Supplement, though styled as "supplemental authority," cites no case; rather, it attaches two exhibits to support facts in the pending summary judgment motions. [ECF Nos. 228-1 & 228-2]. Our Local Rules permit filing new authorities after briefing on a motion has closed. But Plaintiff contends that Defendants' exhibits are neither "new" nor "authorities," as contemplated by the rules. [ECF No. 229 at 2]. Undermining its position, Plaintiff filed its own impermissible filing, lodging various objections to the Supplement. [ECF No. 230]. And so, what began as one rule violation has now morphed into a collateral quasi-motion. That will not do. The Motion is DENIED, and all parties are advised to consult the Local Rules to ensure compliance.

## DISCUSSION

Federal Rule of Civil Procedure 12(f) empowers a court to strike from a pleading—whether on its own or upon a party's motion—"an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f)(1)–(2). Although styled as a motion to strike, Plaintiff does not rely on Rule 12(f) for its requested relief. Nor can it, because Rule 12(f) governs motions to strike pleadings and portions of pleadings, *see Polite v. Dougherty Cnty. Sch. Sys.*, 314 F. App'x 180, 184 n.7 (11th Cir. 2008), and the Supplement is not a pleading, *see Silva v. Swift*, 333 F.R.D. 245, 248 (N.D. Fla. 2019); FED. R. CIV. P. 7(a). Instead, Plaintiff stakes the Motion on a combination of the Federal Rules of Civil Procedure and our Local Rules[2]—neither of which provide a vehicle for striking a non-pleading.

[2] Plaintiff cites Local Rule 7.8, which permits parties to supplement the record "[i]f one or more pertinent and

It is true that a court has inherent powers that are not governed by rule or statute. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). These "implied powers must necessarily result to our Courts of justice from the nature of their institution," and include the "power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Id.* (citations omitted). But, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Id.* at 44. And, crucially, the Court's inherent powers should not be construed as a vehicle for lodging objections to an opponent's filings.[3]

With those principles in mind, two things: first, Plaintiff has compounded the rule violation it complains of by filing an unauthorized response to the Supplement;[4] and, second, the Court is very familiar with the Local Rules and its timing provisions. The Court is also aware that argument or evidence untimely presented is likely to be disregarded. *See, e.g.*, *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court." (cleaned up)); *Akeo v. Palace Elite Resorts*, No. 25-cv-23733-RKA, Dkt. No. 98 (S.D. Fla. May 28, 2026) (denying, as unnecessary, motion to strike and concluding that untimely arguments simply would not be considered); *Martinez v. D2C, LLC*, No. 23-cv-21394-RNS, 2024 WL 4367406, at *9 (S.D. Fla. Oct. 1, 2024) (declining to consider new facts

---

significant authorities come to a party's attention after" the close of briefing. Rule 7.1(c)(1) is also relevant here, providing, "[n]o further or additional memoranda of law shall be filed and served without leave of Court" after briefing has concluded.

[3] Plaintiff cites *Brown v. NCL (Bahamas) Ltd.*, No. 15-cv-21732-JAL, 2016 WL 8716482, at *5 (S.D. Fla. Oct. 13, 2016), and *Ctr. Hill Cts. Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 19-cv-80111-BB, 2020 WL 419402, at *2 (S.D. Fla. Jan. 27, 2020), both of which are distinguishable. *Brown* involved a post-briefing memorandum of law aimed at circumventing the court's briefing schedule. The improper filing in *Rockhill* was part of a pattern of rule violations. Moreover, these cases highlight what we have already discussed: courts have considerable discretion in striking improper filings from their docket. But they need not do so at a party's urging—especially a *noncompliant* party's urging.

[4] *See First Mercury Ins. Co. v. First Fla. Bldg. Corp.*, No. 20-cv-1929-CEH-MRM, 2022 WL 22881941, at *1 (M.D. Fla. July 29, 2022) (striking response to a notice of supplemental authority that did not comply with local rules).

presented in reply, where movant "fail[ed] to show that, despite their diligence, they were not able to access this evidence" prior to initial filing).

Finally, the Court reminds the parties that "[n]either the Federal Rules of Civil Procedure nor the Local Rules are aspirational." *Andreu v. Hewlett-Packard Co.*, No. 15-cv-23270-FAM, 2016 WL 1697088, at *4 (S.D. Fla. Apr. 20, 2016).

For the foregoing reasons, Plaintiff's Motion, [ECF No. 229], is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on September 17, 2026.

**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**

cc: counsel of record